IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

J.J.U-L.,                                       :
                                                :
            Petitioner,                         :            CASE NO:
    v.                                          :       7:26-cv-225–WLS-AGH
                                                :
WARDEN, IRWIN COUNTY                            :
DETENTION CENTER, *et al.*,                     :
                                                :
            Respondents.                        :
                                                :
_____

## ORDER

Before the Court is Petitioner's *Ex Parte*[1] Application for Temporary Restraining Order (Doc. 2) ("Motion"), filed on August 10, 2026. Therein, Petitioner seeks a temporary restraining order (TRO) (1) prohibiting Respondents from transferring Petitioner outside the Middle District of Georgia or removing him from the United States while the habeas Petition remains pending; (2) requiring Respondents to release Petitioner immediately from physical custody; or (3) setting an expedited hearing date on the Petition for Writ of Habeas Corpus.

Petitioner's case is similar to the hundreds of other cases this Court has been inundated with over the last several months. While each petitioner personally feels that his or her case is an emergency, most do not qualify for emergency TRO relief. The Court has established an expedited system to determine whether a detainee is entitled to a detention hearing. Indeed, the Court entered an Order instructing Respondents to provide Petitioner with a bond hearing by Tuesday, August 18, 2026. (Doc. 5). As such, Petitioner's Motion (Doc. 2) is **DENIED as moot**.

**SO ORDERED**, this 14th day of August 2026.

/s/ W. Louis Sands
W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT

---

[1] By text entry docketed August 10, 2026, an Order was entered directing the Clerk remove *ex parte* restrictions from Petitioner's Motion for Temporary Restraining Order (2). The Court finds nothing in Petitioner's motion that necessitates *ex parte* restrictions.